**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION**

| | | |
|---|---|---|
| **STEVEN HARVEY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.:** 3:22-cv-337 |
| | § | |
| **DWIGHT D. SULLIVAN, Galveston County Clerk, MARK HENRY, Galveston County Judge, DARRELL APFFEL, Galveston County Commissioner Precinct 1, JOE GIUSTI, Galveston County Commissioner Precinct 2, STEPHEN D. HOLMES, Galveston County Commissioner Precinct 3, and ROBIN ARMSTRONG, Galveston County Commissioner Precinct 4** | § | |
| **Defendants.** | § | |

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**COMES NOW** Defendants Dwight D. Sullivan, Galveston County Clerk, Mark Henry, Galveston County Judge, Darrell Apffel, Galveston County Commissioner Precinct 1, Joe Giusti, Galveston County Commissioner Precinct 2, Stephen D. Holmes, Galveston County Commissioner Precinct 3, and Robin Armstrong, Galveston County Commissioner Precinct 4 (collectively referred to herein as "Defendants") to file this Defendants' Joint Notice of Removal of the above-entitled action from the 56th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 1441(a),

28 U.S.C. § 1367(a), and 28 U.S.C. § 1446. In support of this Notice of Removal the Defendants would show this Court as follows:

**I.**
**Background**

1. On August 9, 2022, Plaintiff filed this suit against Defendants in the 56th District Court of Galveston County, Texas seeking to bar ". . . Defendants from using computerized equipment to administer the collection, storage, counting, and tabulation of votes in any election indefinitely . . ."[1] and demanding " the preservation of records of the elections for 2020 general, 2021 special, and 2022 primaries until such time that proper accounting of said elections are conducted."[2] Plaintiff's Original Petition in state court is styled: "Petition for Declaratory Judgment and Emergency Relief Against Electronic Voting Systems and Destruction of Records".

2. Although no executed service documents have been filed with the Galveston County District Clerk, Commissioner Apffel was served on September 7, 2022, County Clerk Sullivan was served on September 8, 2022, and the remaining Defendants were served on September 9, 2022.

3. Plaintiff's Original Petition specifies that it seeks "to eliminate the black box voting system that developed in this country as it is used in this State."[3]

---

[1] Exhibit 4, Plaintiff's Original Petition, pages 1-2.
[2] *Id*. at p. 4.
[3] *Id*. at p. 4.

4. Plaintiff Steven Harvey, who is prosecuting this case *pro se*, plead that he is a resident of Santa Fe, Texas. The Defendants are all elected officials for Galveston County, Texas.

**II.**
**Federal Question Jurisdiction**

5. By this Notice the Defendants removed the State Court action to this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(a), 28 U.S.C. § 1367(a), and 28 U.S.C. § 1446. Defendants assert that federal jurisdiction is proper because Plaintiff's claims principally involve federal questions and assert claims under federal law and the United States Constitution. "Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014), citing 28 U.S.C. § 1331.

6. 28 U.S.C. § 1343(a) describes the federal district courts' jurisdiction regarding civil rights and elective franchise allegations:

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or

immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a).

7. Plaintiff's Count I pleads claims for violations of "Procedural Due Process" citing 28 U.S.C § 1331 and seeking relief under 42 U.S.C. § 1983 for violations of the First, Fourteenth, and Fifteenth Amendments of the United States Constitution; under Tex. Const. art. I, §§ 17, 19; and Tex. Penal Code § 39.06.[4] The Plaintiff claims that the use of electronic voting systems violates the "federally protected right[] of voting" and that such systems "deprive[] [Plaintiff's] guaranteed civil rights in regard to casting a 'legal' vote."

8. Plaintiff's Count II pleads claims for violation of "Substantive Due Process" citing 18 U.S.C § 245 and seeking relief under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment of the United States Constitution; and under Tex. Const. art. I, § 3.[5] Plaintiff claims to be "irreparably harmed by…unlawful acts, including by suffering forced contract with representatives through deceptive practices and fraudulent certifications."

9. Plaintiff's Count III pleads claims for violation "Deprivation of Civil Rights" citing 42 U.S.C. §§ 1983, 1985; Tex. Const. art. I, §§ 13, 19; and Tex.

---

[4] *Id*. at pages 51-52.
[5] *Id*. at pages 52-53.

Penal Code §§ 37.03, 37.10.[6] Plaintiff alleges the Defendants "knowingly approved voting systems/equipment, software, and modifications unlawfully, which deprives [Plaintiff] of these and other constitutionally protected interests without due process of law."

10. Plaintiff's Count IV pleads claims for "Deprivation of Constitutional Rights" citing 28 U.S.C. §1331; Tex. Const. art. I, §§ 13, 19; and Tex. Penal Code § 39.03(a)(2).[7] Plaintiff claims to be "irreparably harmed by…unlawful acts, including by suffering forced contract with representatives through deceptive practices and fraudulent certifications."

11. Plaintiff's Count V pleads claims for "Voting Rights Violation" citing 52 U.S.C. § 20511 (2) (a), (b), 52 U.S.C. § 10101 and seeking relief under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments of the United States Constitution.[8] Plaintiff claims to be "irreparably harmed by…unlawful acts, including by suffering forced contract with representatives through deceptive practices and fraudulent certifications."

12. Plaintiff's Count VI seeks a "Declaratory Judgment" citing 28 U.S.C. § 2201; Tex. Civ. Prac. & Rem. Code §§ 37.003 & 37.004(a), (b).[9] Plaintiff alleges that "If the State of Texas proceeds with the forthcoming election as described above, it will violate the rights of Texans by conducting an unsecure, vulnerable electronic voting systems [sic] that are susceptible to

---

[6] *Id*. at pages 53-54.
[7] *Id.* at p. 54.
[8] *Id*. at p. 55.
[9] *Id.* at pages 55-56.

manipulation and intrusion…in violation of both the State of Texas and Federal election laws."

13. While state law claims are also included in the Original Petition, this Court should exercise supplemental jurisdiction of those claims.

## III.
## Procedural Standards

14. All Defendants have been served and consent to the removal of this case to federal court. 28 U.S.C. § 1446 (b)(2).

15. This Notice of Removal is filed within thirty days of September 7, 2022, the date that Commissioner Apffel was served-the earliest date that any Defendant was served. 28 U.S.C. § 1446 (b).

16. The Southern District of Texas, Galveston Division, is the federal district and division that encompasses the 56th Judicial District Court of Galveston County, Texas.

17. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Removal, along with a copy of this Notice of Removal, will be promptly filed in the 56th Judicial District Court of Galveston County, Texas and served on Plaintiff. A copy of the Notice to State Court of Removal is attached to this Notice of Removal as Exhibit 1.

18. Plaintiff has not yet filed any completed service documents with the 56th District Court, so none are included with this filing.

19. No orders have been entered in the State Court Action; therefore, none

are included with this filing.

WHEREFORE, Defendants request the removal of this action from the 56th Judicial District Court of Galveston County, Texas, to this Court.

Respectfully submitted,

Bryan R. Lasswell
Attorney-in-Charge
Federal Bar No. 15715
SBOT: 00784450
brlasswell@mapalaw.com
Genevieve Bacak McGarvey
Federal Bar No. 11272
SBOT: 01487525
gbmcgarvey@mapalaw.com
John W. Drewry, Jr.
Federal Bar No. 3170417
SBOT: 24085291
jwdrewry@mapalaw.com
MCLEOD, ALEXANDER, POWEL & APFFEL, P.C.
802 Rosenberg- P.O. Box 629
Galveston, Texas 77553
(409) 763-2481
(409) 762-1155 Facsimile

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically on the 14th day of September 2022, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfied the requirements of Fed. R. Civ. P. 5(b)(2)(D).

Bryan R. Lasswell