**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

**STEVEN HARVEY**

*Petitioner,*

No. 3:22-CV-00337

v.

United States Courts
Southern District of Texas
FILED

SEP 28 2022

Nathan Ochsner, Clerk of Court

**DWIGHT D. SULLIVAN, Galveston County Clerk, MARK HENRY, Galveston County Judge, DARRELL APFFEL, Galveston County Commissioner Precinct 1, JOE GIUSTI, Galveston County Commissioner Precinct 2, STEPHEN D. HOLMES, Galveston County Commissioner Precinct 3, ROBIN ARMSTRONG , Galveston County Commissioner Precinct 4.**

*Respondents.*

**PETITIONER'S RESPONSE TO RESPONDENTS' NOTICE OF REMOVAL AND MOTION TO REMAND**

*TO THE HONORABLE DISTRICT COURT,*

The Respondents, **DWIGHT D. SULLIVAN, MARK HENRY, DARRELL APFFEL, JOE GIUSTI, STEPHEN D. HOLMES, ROBIN ARMSTRONG** removed state cause 2022CI14328 from the 224th Judicial District Court of the State of Texas pursuant to 28 U.S.C. § 1446(a). Petitioner responds and motions the following:

## Table of Contents


**STATEMENT OF THE CASE** 3

**FEDERAL QUESTION** 4

**RESPONDENTS REMOVAL TO FEDERAL** 5

**MOTION FOR REMAND** 6

**CONCLUSION AND PRAYER** 7


## TABLE OF AUTHORITIES

***Cases***


College Sav. Bank, 527 U.S. at 675-76, 119 S.Ct. at 2226 5

Embury v. King, 361 F.3d 562, 564-65 (9th Cir. 2004) 5

Haddad v. Fromson, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001) 5

Jenkins v. McKeithen, 395 U.S. 411, 411, 421 (1959) 6

Picking v. Pennsylvania R. Co., 151 F.2d 240 (3d Cir. 1945) 6

Pittman v. State, CV 05-509-BR, at *6 (D. Or. Aug. 8, 2005) 5

Puckett v. Cox 456 F.2d 233 (1972) 6

Trs. of Purdue Univ. v. Vintage Brand, LLC, 541 F. Supp. 3d 868 (N.D. Ind. 2021) 5


***Statutes***


TEX. CIV. PRAC. & REM. CODE § 37.003 4

TEX. CIV. PRAC. & REM. CODE § 37.004 (a)(b) 4

TEX. CIV. PRAC. & REM. CODE § 65.011 4

TEX. ELEC. CODE Chap. 273 4

TEX. ELEC. CODE Chap. 65 3, 4

***Constitutional Provisions***

TEX. CONST. art. I § 3 4
TEX. CONST. art. I § 13 4
TEX. CONST. art. I § 17 4
TEX. CONST. art. I § 19 4
TEX. CONST. art. VI § 2 4
TEX. CONST. art. VI § 4 3

## STATEMENT OF THE CASE

1. NOTICE OF REMOVAL from 56th Judicial District Court of Galveston County, Texas, case number 22-CV-1495 (Filing fee $ 402 receipt number ATXSDC-28774084) filed by Dwight D Sullivan. (Attachments: # 1 Exhibit EXHIBIT 1, # 2 Exhibit EXHIBIT 2, # 3 Exhibit EXHIBIT 3, # 4 Exhibit EXHIBIT 4, # 5 Exhibit EXHIBIT 5, # 6 Exhibit EXHIBIT 6, # 7 Exhibit EXHIBIT 7)(Lasswell, Bryan) (Entered: 09/14/2022)

## FEDERAL QUESTION

1. Petitioners sought a Declaratory Order that the Respondents adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency. This is to require hand-marked paper

ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Texas, not machines as Texas Election law specifies. (TEX. CONST. art. VI § 4 and TEX. ELEC. CODE Chp. 65).

2. Additionally, Petitioners sought redress for the abuse and devastation of our Constitutional rights and protections arising under Article I, Section 3 of the Texas Constitution (Equal Protection); Article I, §§ 17 and 19 of the Texas Constitution (Due Process); TEX. GOV. CODE § 24.011; and the Texas Election Code by our elected officials.

3. Petitioners call into question the validity of the votes cast in the November 2020 general election and all elections in Galveston County going forward because the electronic voting system utilized in those elections were improperly certified.

4. For two years, Respondents have refused to disclose the *actual* systems utilized during these elections in which computerized equipment is, by nature, vulnerable to manipulation by unauthorized persons. The true results of an election that relies upon computerized equipment can never be known with full confidence, and Petitioners' constitutional rights to vote will be denied if computerized equipment is used.

5. The state court has concurrent jurisdiction with federal court regarding constitutional questions. Petitioner used both state and federal statutes and constitutional provisions as much of the State of Texas statutes and constitutional law parallels the federal; in addition to the Respondents' claims, Petitioner also brought the cause of action under TEX. CIV. PRAC. & REM. CODE §§ 37.003, 37.004 (a)(b), 65.011, TEX. CONST. art. VI § 2, TEX. CONST. art. I §§ 3, 13, 17 and 19, as well as a multitude of Texas Election Code including Chapters 65 and 273.
6. Upon initiating the Petition, Petitioner sent Notice of Suit and a request for Preservation of Records to Respondents in regard to preserving evidence for pending litigation. In spite of this, Respondents indicate no agreement for the preservation of records from the 2020 general election.
7. Petitioner submitted Petition on August 9, 2022, hearing was scheduled for October 6, 2022. Petitioner filed a Motion for Expedited Discovery on August 30, 2022 as well as submitted a Notice of Hearing into the case on September 9, 2022.
8. Respondents' removal establishes their opposition to transparent, free and fair elections, and to preserving the evidence of the previous elections (since 2020 as complained about in the Petition).

9. In filing their Notice of Removal and assertions for removal, the Respondents waive their right to any defenses or objections they may have to this action – including immunity and indemnification: *See College Sav. Bank*, 527 U.S. at 675-76, 119 S.Ct. at 2226. *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001). *Embury v. King*, 361 F.3d 562, 564-65 (9th Cir. 2004). *Pittman v. State*, CV 05-509-BR, at *6 (D. Or. Aug. 8, 2005). *Trs. of Purdue Univ. v. Vintage Brand*, LLC, 541 F. Supp. 3d 868 (N.D. Ind. 2021).

## MOTION FOR REMAND

**10.** Pro se pleadings are to be considered without regard to technicality, and "where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities." *Jenkins v. McKeithen*, 395 U.S. 411, 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 F.2d 240 (3d Cir. 1945); *Puckett v. Cox* 456 F.2d 233 (1972).

**11.** Petitioners' petition may not be up to legal par, but the case presents sufficient questions of law and matters of justice important to the State of Texas due to weight of the facts, merits, and constitutional violations on the part of the Respondents.

**12.** The intent behind Petitioners' cause of action is to bring transparency, fairness, honesty, and quality to Texas elections and to hold responsible those

government officials who violate the equal protection and due process rights of Petitioners (and all Texas citizens) guaranteed by the Texas Constitution.

**13.** Petitioners sought redress under Texas law only. Petitioner need not, and did not, seek redress under any federal law. Petitioner demonstrated the likeness of state and federal law.

**14.** Petitioners (and all Texas citizens) have a fundamental legal right to the clearly established principles of election equality, integrity, accurateness, honesty, and justice.

**15.** Respondents' strategy appears to be another delay tactic to prevent the release of contracts and Petitioners from assessing open records, which causes further deprivation of constitutionally and federally protected rights.

**16.** Time is of the essence in preserving the 2020 election records, and Respondents avoided the pending injunction by removing this case to federal court: wasting the precious time necessary for preservation and obstructing the law and Petitioner's constitutionally protected rights.

**17.** Respondents would rather sacrifice their protected status than conduct open, free and fair elections.

## CONCULSION AND PRAYER

In the interest of justice, Petitioner requests that this Court deny Respondents removal of this cause into federal court, and Petitioner prays for immediate remand back to state court to allow for permanent emergency relief. Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of any attorneys' fees and costs to Petitioners.

Respectfully submitted this 28th day of September 2022.

By: /s/ *Steven Harvey*
Steven Harvey
12511 32nd Street
409)599-5691
Scharvey69@yahoo.com
*Pro se*

**DWIGHT D. SULLIVAN 600 59th Street, Suite 2001, Galveston, Texas 77551, phone (409)766-2200**

**MARK HENRY 722 Moody, Suite 200, Galveston, Texas 77550, phone (409)766-2244**

**DARREL APFFEL P.O.Box 8327, Bacliff, Texas 77518, phone (409)770-5474**

**JOE GIUSTI 11730 Hwy. Santa Fe, Texas 77510, phone (409)770-5475**

**STEPHEN D. HOLMES 9850-A Emmett F. Lowry Expressway SuiteA100, Texas City, Texas 77591, phone (409)770-5806**

**ROBIN ARMSTRONG 174 Calder Road, League City, Texas 77573 phone (281)236-3309**

# CERTIFICATE OF SERVICE

I, STEVEN HARVEY, certify that I have served a true and correct copy of the PROPOSED ORDER TO PETITIONER'S MOTION TO REMAND in compliance with T.R.C.P Rule 21 by email to:

BRYAN LASSWELL
P.O. Box 629
Galveston, Texas 77553
(409) 763-2481 Ext. 135
(281) 488-7150 Ext. 135
Fax (409) 762-1155
brlasswell@mapalaw.com

Respectfully submitted this 28th day of September 2022,

By: /s/ *Steven Harvey*

Steven Harvey
12511 32nd Street
(409) 599-5691
Santa Fe TX 77510
scharvey69@yahoo.com
*Pro se*