Case 3:22-cv-00337   Document 16   Filed on 12/02/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 02, 2022
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:22-cv-337

STEVEN HARVEY, *PLAINTIFF*,

v.

DWIGHT D. SULLIVAN, *ET AL.*, *DEFENDANTS*.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

Steven Harvey, the *pro se* plaintiff, has moved to remand. Dkt. 4. Having considered the parties' arguments, the pleadings, and the applicable law, the court grants the motion.

**I.   BACKGROUND**

This case arises out of Harvey's concern that the electronic-voting systems that Galveston County officials use to conduct elections are fraught with problems that violate his right to vote. Dkt. 1-4 at 4–5. Harvey's state-court complaint sought injunctive relief against the defendants "using computerized equipment to administer the collection, storage, and tabulation of votes in any election" and requiring them to preserve records

from recent Texas elections and declaratory relief barring the defendants from using "electronic voting systems." *Id.* at 2–3.

Harvey sued the defendants in the 56th Judicial District Court of Galveston County. *See generally id.* The defendants timely removed on the basis of federal-question jurisdiction. Dkt. 1. Harvey moved to remand because his state-court complaint seeks relief under only Texas law. Dkt. 4.

## II. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction. *Valverde v. Maxum Cas. Ins. Co.*, 558 F. Supp. 3d 385, 389 (S.D. Tex. 2021). A party may remove a civil action filed in state court to federal court if a district court has original jurisdiction over the case at the time of removal. 28 U.S.C. § 1441(a); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("[Courts] consider the claims in the state court petition as they existed at the time of removal.") (citation omitted). Original jurisdiction exists if a complaint raises federal questions or, put differently, if it "arises under the Constitution, laws or treaties of the United States."[1] 28 U.S.C. § 1331. "A suit arises under the Constitution and laws of the United States

---

[1] Original jurisdiction also exists under "28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). There is no dispute that the parties here are not diverse. *See* Dkt. 9 at 3.

only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citation omitted). Indeed, the well-pleaded complaint "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

"[R]emoval raises significant federalism concerns" because it "deprive[s] the state court of an action properly before it." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quotation omitted); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Courts therefore strictly construe the removal statute and resolve any doubts or ambiguities in favor of remand. *Gasch*, 491 F.3d at 281 (citation omitted); *see also Manguno*, 276 F.3d at 723. Put simply, federal courts "must not trespass upon the judicial 'turf' of the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981).

It is well recognized that "a *pro se* plaintiff's pleadings are liberally construed." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002) (citations omitted); *see also Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding that courts must hold a *pro se* complaint's allegations "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX,*

*Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that courts construe *pro se* plaintiffs' "allegations and briefs more permissively").

## III. ANALYSIS

The defendants removed because they believe that Harvey's complaint creates federal-question jurisdiction. Dkt. 1 at 3. Harvey maintains that federal-question jurisdiction does not exist because he seeks relief under only Texas law. Dkt. 4 ¶ 13.

In their original notice of removal,[2] the defendants argue that the slew of citations to federal law in Harvey's complaint creates federal-question jurisdiction. Dkt. 1 ¶¶ 7–12. Reading his briefs generously, it seems that Harvey cites federal law throughout his original complaint not because he seeks to rely on it as a form of relief, but merely to bolster the legitimacy of his state-law claims by demonstrating their similarity to relief available under federal law. *See* Dkt. 10 at 6 ("[M]uch of the State of Texas statutes

---

[2] In response to Harvey's motion to remand, the defendants also argue that the court cannot remand because Harvey's amended petition deleted all reference to state law. Dkt. 9 at 2 (referencing Dkt. 5). Harvey appears to have taken defendants' notice that "he had 14 days to amend for federal court" to mean that he needed to amend his claim to cite to only federal law or lose his shot at litigating the case in any forum. *See* Dkt. 10 at 4. Regardless, the content of Harvey's amended complaint has no bearing on this court's assessment of whether it possessed original jurisdiction over the suit when the defendants removed. Instead, the court asks only if federal-question jurisdiction existed on the face of the complaint at the time of removal. *See Manguno*, 276 F.3d at 723.

and constitutional law parallels the federal."); *see also* Dkt. 4 ¶ 13 ("Petitioner [sic] demonstrated the likeness of state and federal law.").

To be sure, Harvey's original complaint is rife with references to federal laws. Dkt. 1 at ¶¶ 7–12 (outlining the original complaint's citations to federal law). But Harvey also frequently reiterates in the same pleading that he relies on Texas law alone:

- "Petitioners [sic] seek redress under Texas law only." Dkt. 1-4 at 7.
- "Petitioners [sic] need not, and do not, seek redress under any federal law." *Id.*
- "This case seeks to enforce these clearly established fundamental principles of Texas law." *Id.* at 8.
- Petitioners [sic] seek only equitable, injunctive, and declaratory relief against Respondents for violation of Petitioners clearly established Equal Protection and Due Process rights guaranteed to them by and through the Texas Constitution." *Id.* at 9.

It would be much clearer to the court that federal jurisdiction did not exist if Harvey never cited to federal law at all. *See, e.g.*, *Bennett v. Drive Fin. Servs., LP*, No. CIV.A. H-08-1821, 2008 WL 2704634, at *1 (S.D. Tex. July 8, 2008) (finding federal-question jurisdiction because the state-court complaint alleged violations of the "Fair Credit Reporting Act"). *But see Chavez v. McDonald's Corp.*, 1999 WL 814527, at *1–2 (N.D. Tex. Oct. 8, 1999) (holding that the plaintiff, as the "master of his complaint," did not create federal-question jurisdiction or a Title VII claim even though he

"refers at one point to exhausting his administrative remedies under Title VII" because "he otherwise clearly alleges that his claims are based on" Texas law). Despite his citations to federal law, Harvey's statements decrying reliance on federal law create an ambiguity that the court must resolve in favor of remand.

Harvey's *pro se* status weighs in favor of remand and against disregarding his plainly stated intent to proceed under Texas law alone. Indeed, harkening back to the harrowing days as a first-year law student not yet versed in the complex rules of federal civil procedure, one can easily understand Harvey's common-sense assumption that he could avoid federal jurisdiction through plainly stating that he seeks relief "under Texas law *only*." Dkt. 1-4 at 7 (emphasis added). Liberally construing the *pro se* complaint, the court finds that it lacks jurisdiction.

\*   \*   \*

For the reasons stated above, the court grants the plaintiff's motion, Dkt. 4, and remands this action to the 56th Judicial District Court of Galveston County, Texas. All other pending motions are denied without prejudice. Dkts. 12, 14.

SIGNED on Galveston Island this 2nd day of December, 2022.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE